# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:**<br><br>MICHAEL HARRISON and<br>JULIE HARRISON (aka Rawls),<br><br>**Debtors.** | **Bankruptcy Case<br>No. 04-02709** |

_____

| | |
|---|---|
| BARRY BALLEW, an<br>individual,<br><br>           **Plaintiff,**<br><br>**vs.**<br><br>MICHAEL HARRISON and<br>JULIE HARRISON (aka Rawls),<br><br>           **Defendants.** | Adv.  Proceeding No. 04-6234 |

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

      Mia Murphy, MURPHY LAW OFFICE, Caldwell, Idaho, Attorney for Plaintiff.

      Howard R. Foley, FOLEY FREEMAN BORTON, Meridian, Idaho, Attorney for Defendants.

MEMORANDUM OF DECISION - 1

On February 10, 2006, the Court entered its Memorandum Decision excepting a $57,093.68 debt owed by Defendant Michael Harrison to Plaintiff Barry Ballew from discharge in Defendant's bankruptcy case. Mem. Decision at 39, Docket No. 46. In its decision, however, the Court concluded that "the evidence is insufficient to show that [Defendant Julie Harrison] was actively involved in the fraudulent conduct upon which the transaction was based." Mem. Decision at 35, Docket No. 46. As a result, the debt was not excepted from discharge in Defendant Julie Harrison's bankruptcy case. On this basis, Ms. Harrison asserts she prevailed in this action, and that she is entitled to recover her costs of $2,281.21 from Plaintiff under LBR 7054.1. Docket No. 48.

Plaintiff objected to this request arguing that he was the prevailing party, and that Ms. Harrison did not incur any costs separate and apart from the costs Defendants jointly incurred to unsuccessfully defend her husband.[1] Docket No. 50. The parties presented their arguments to the Court at a hearing on April 5, 2006. For the reasons stated below, the Court concludes Defendant Julie Harrison is not entitled to costs.[2]

---

[1] Plaintiff sought recovery of costs from Defendant Michael Harrison. There was no objection made as to his request, and Plaintiff is entitled to recover these costs.

[2] The Court allowed Ms. Harrison until April 14, 2006 to submit additional information regarding her claimed costs. Plaintiff was given until April 21, 2006 to respond. Ms. Harrison filed a supplemental memorandum on April 17, 2006, after the

MEMORANDUM OF DECISION - 2

## Disposition

"The Court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides." Fed. R. Bankr. P. 7054(b). An "[a]ward of costs under Rule 7054(b) is discretionary." *Palmer v. Downey* (*In re Downey*), 00.1 I.B.C.R. 36, 36 (Bankr. D. Idaho 2000) (citing *Young v. Aviva Gelato, Inc.* (*In re Aviva Gelato, Inc.*) 94 B.R. 622, 624 (9th Cir. BAP 1988); 10 *Collier on Bankruptcy*, ¶ 7054.05, p. 7054–8 (15th ed. 1999)). The costs awarded must be necessarily incurred by the prevailing party. *Young*, 94 B.R. at 625.

Even if the Court were to conclude Ms. Harrison was a prevailing party in this litigation, she has not shown her claimed costs were necessarily incurred for her defense. Instead, Ms. Harrison's costs were incurred jointly with those incurred for the benefit of Mr. Harrison, who clearly is not a prevailing party. Ms. Harrison did not show she incurred any costs separate and distinct from, or in addition to, those of Mr. Harrison. To award costs in this instance would effectively require Plaintiff to pay Defendants' joint costs, even though Plaintiff clearly prevailed overall. Under these circumstances, in the exercise of

---

deadline. Docket No. 52. On April 18, 2006, Plaintiff objected to Ms. Harrison's untimely supplemental memorandum. Because the supplemental memorandum was untimely, the Court will not consider it.

MEMORANDUM OF DECISION - 3

its discretion, the Court will not award costs to one spouse incurred jointly by both spouses. *Cf. Thomason Farms, Inc. v. Tri-River Chemical Co.* (*In re Thomason Farms, Inc.*), 02.2 I.B.C.R. 107, 108–9 (Bankr. D. Idaho 2002) (concluding wife was not a prevailing party so as to allow for a recovery of her attorney fees when the debt was found to be owed by her husband).

## Conclusion

Defendant Julie Harrison's request for costs will be denied by separate order.

Dated: May 10, 2006

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge